UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRIAN VANIA RAMOS,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Acting Field Office Director; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement KRISTI NOEM, Secretary, U.S. Department of Homeland Security,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:26-cv-10358-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

February 2, 2026

TALWANI, D.J.

Petitioner Mirian Vania Ramos, a citizen of Angola, entered the United States in 2018. See Pet. ¶¶ 2–3 [Doc. No. 1]. She applied for asylum in October 2018 and received her work permit in 2019. Id. ¶ 3. Petitioner has lived and worked in Maine for over seven years. Id. ¶ 8. On January 23, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner while she "was driving on the Maine Turnpike." Id. ¶¶ 4, 7. Petitioner asserts that the officers who arrested her "provided no explanation of the facts or laws on which their actions were based and showed no warrant authorizing Petitioner's arrest." Id. ¶ 6. After the arrest, ICE transferred Petitioner to its Field Office in Burlington, Massachusetts, where she is presently detained. Id. ¶ 5.

1

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] on January 26, 2026, in which she asserts the following: (1) Respondents' arrest of Petitioner without a warrant or reasonable suspicion violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and several of DHS' regulations; and (2) Respondents' detention of Petitioner violates her Fifth Amendment right to due process. See id. ¶¶ 33–50.

Respondents stated in response that "Petitioner is detained under 8 U.S.C. § 1226(a), as she was admitted on a visitor's visa on June 8, 2018, but she overstayed her visa. Petitioner is bond eligible under Section 1226(a)." Opp'n 1 [Doc. No. 6]. Respondents also noted that Petitioner has a bond hearing scheduled for February 5, 2026, at 10 a.m. in the Chelmsford, Massachusetts Immigration Court. See Opp'n, Ex. A [Doc. No. 6-1]. Respondents requested "that the Petition be dismissed or held in abeyance pending the results of the [scheduled] bond hearing." Opp'n 2 [Doc. No. 6].

After filing their Opposition [Doc. No. 6], Respondents filed a Motion to Transfer [Doc. No. 7], in which they requested an exception to this court's Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3]. Respondents explained that the "Boston Hold Room" in the Burlington, Massachusetts ICE Field Office "is a temporary arrangement and not suited for permanent housing[.]" Id. at 1. Respondents seek to transfer Petitioner to the Houston Contract Detention Facility in Houston, Texas, which has a bed available. Id. 1–2.

Where Respondents have agreed that the government detained Petitioner pursuant to 8 U.S.C. § 1226(a) and that she is entitled to a bond hearing, and their only raised defense to Petitioner's claims is the bond hearing scheduled for February 5, 2026, in Immigration Court in Chelmsford, Massachusetts, the court GRANTS the Petition [Doc. No. 1] as follows: the Chelmsford Immigration Court shall conduct Petitioner's bond hearing on February 5, 2026 at 10

2

a.m. as scheduled. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

The court takes notice that ICE lacks an appropriate ICE facility to detain women in Massachusetts. But where travel to Houston, Texas, may interfere with the scheduled bond hearing, the court DENIES Respondents' Motion to Transfer [Doc. No. 7] Petitioner to Texas. As Respondents have acknowledged that the court will retain jurisdiction over the matter despite a transfer, see Motion to Transfer 2 [Doc. No. 7], the court allows transfer to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, if bed space is available there, so long as the transfer does not interfere with Petitioner's February 5, 2026 bond hearing.

Respondents shall submit a status report on this matter no later than February 9, 2026.

IT IS SO ORDERED.

February 2, 2026                              /s/ Indira Talwani
                                              United States District Judge